IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN G. WESTINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 97-936-JPG |
| | ) |
| BILL HEDRICK, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Before the Court is Petitioner's motion to reopen this case (Doc. 7), a case that was closed on December 12, 1997, over five years ago.

The instant motion, purportedly filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is simply another attempt to challenge his conviction for money laundering. Petitioner has been told, time and again, that he cannot challenge that conviction in this District, or even in this Circuit, yet he persists despite warnings and sanctions imposed upon him by both the Seventh Circuit Court of Appeals and the Honorable G. Patrick Murphy, Chief Judge in this District. *See Westine v. Stepp*, Appeal No. 01-3780 (7th Cir., Jan. 28, 2002); *Westine v. United States*, Case No. 02-137-GPM (S.D. Ill., Oct. 7, 2002). In this District, Chief Judge Murphy imposed a $1,000 sanction and specifically stated:

> until he pays the fine, **ANY AND ALL PAPERS SUBMITTED ON HIS BEHALF IN THIS DISTRICT WILL BE RETURNED UNFILED**, with the exception of criminal cases and *habeas corpus* applications not collaterally attacking his conviction in the Southern District of Ohio.

Petitioner has not yet paid that $1,000 fine, and the instant motion does not qualify as one of the limited exceptions; consequently, the motion should not have been filed.

**IT IS HEREBY ORDERED** that Petitioner's motion to reopen this case (Doc. 7) is **STRICKEN AND HELD FOR NAUGHT**.

**IT IS SO ORDERED.**

**Dated: January 5, 2006**

                                           s/ J. Phil Gilbert
                                           **U. S. District Judge**